## CIRCUIT COURT OF NELSON COUNTY

Eagles Court Condominium
Unit Owners Assn. et al.

v.

Wintergreen Devel., Inc., et al.

June 30, 1988

By JUDGE ROBERT C. GOAD

The plaintiff filed his motion for judgment and amended motion for judgment alleging that a fire occurred on October 12, 1986, in one of the condominiums of the plaintiff because of the negligence of the defendants in the design, supply, manufacture, installation, and sale of a defective metal fireplace, firebox and chimney system, and in the failure to provide adequate instructions for the installation of the system and the failure to warn of potential dangers in the use of the system.

The plaintiff took a voluntary nonsuit against the defendant, Hon Industries, and the plaintiff agreed to the dismissal of his suit with prejudice against three more of the defendants, Wintergreen, a Virginia Limited Partnership, Big Survey Properties, a Massachusetts General Partnership, and CC&F Wintergreen, Inc., a Virginia Corporation. The remaining defendants, Wintergreen Development, Inc., Heatilator, Inc., Acorn Structures, Inc., Nielsen Construction Company, Inc., and Melba Investors Southeast, Inc., filed pleas in Bar, pleas of the Statute of Limitations, and Statute of Repose, and the two defendants, Wintergreen Development and Melba, sellers of the condominiums involved, filed a demurrer on the grounds of the

doctrine of *caveat emptor*. The Court heard the argument by counsel on all pleas and the demurrer on June 6, 1988.

The attorney for the plaintiff stated during the argument that this was a negligence action. The attorney for the plaintiff and all of the attorneys for the remaining defendants agreed that the Court, in deciding the issues involved, could consider the affidavit of Stuart R. Sadler, Vice President and General Counsel of Wintergreen Development, Inc., which shows that the last unit in Eagles Court Condominium was sold on September 28, 1976, all other units having been previously sold.

Counsel made excellent oral arguments and filed well-written and informative briefs. After a thorough consideration of the issues involved, the Court is of the opinion that any negligence or breach of duty as alleged took place when the sales of the units in the condominium were closed and that injury or damage to the real estate resulting from such negligence took place at the same time, not later than September 28, 1976. Therefore, this suit, which was filed October 9, 1987, against all of the remaining defendants is barred by the five-year statute of limitations then in effect, Section 8-24 of the Code of Virginia, including the claim against the defendants, Wintergreen Development, Inc., and Melba Investors Southeast, Inc., which two defendants are also entitled to have the claims against them dismissed under the doctrine of *caveat emptor* as raised in their demurrer which is sustained. Further, the contractor, Nielsen, and the defendant, Acorn Structures, Inc., to the extent of any faulty design claim, are entitled to the benefits of Section 8.01-250, the Statute of Repose.